## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Norfolk Division

**CALVIN W. WYNN, #1767237**

       Petitioner,

v.                                      **Case No. 2:21cv90**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

       Respondent.

### REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Calvin W. Wynn's ("Petitioner") *pro se* Petition for a Writ of Habeas Corpus ("the Petition") filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and Respondent Harold W. Clarke's ("Respondent") Motion to Dismiss, ECF No. 18. The matter was referred for a recommended disposition to the undersigned United States Magistrate Judge ("undersigned") pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. The undersigned makes this recommendation without a hearing pursuant to Federal Rule of Civil Procedure 78(b) and Eastern District of Virginia Local Civil Rule 7(J). For the following reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 18, be **GRANTED**, and the Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE**.

## I. PROCEDURAL BACKGROUND

On August 11, 2016, Petitioner was convicted of Sex Trafficking and Participating in a Racketeering Enterprise in Henrico County Circuit Court (the "Trial Court"). ECF No. 1 at 1. The Trial Court sentenced Petitioner to forty years in prison, with twenty-three years suspended. *Id.* Petitioner appealed his convictions to the Court of Appeals of Virginia. ECF No. 19, attach. 2; *see also* ECF No. 1 at 2. According to the factual findings of the Court of Appeals of Virginia, Petitioner's conviction arises out of the following factual background:

> On September 20, 2015, Detective Richardson viewed an advertisement in the escort section of Backpage.com. Richardson testified the advertisement was for a 'young lady' posting as 'Savannah.' Richardson asked 'Savannah' if she was available to meet him that day, and she directed him to Room 140 at a hotel located in Henrico County. In subsequent text messages, Richardson asked 'Savannah' if she would perform oral sex on him. "Savannah" stated she would do that for an additional $40.

> As Richardson approached Room 140, a woman exited the room. He asked the woman if she was 'Savannah,' and the woman replied no. Richardson knocked on the door of Room 140, and Crabill answered. Richardson identified himself as a police officer, and he questioned Crabill about 'why she was at the hotel.' Richardson identified Crabill as the person depicted in the Backpage.com advertisement as 'Savannah.'

> Richardson identified four other individuals at the hotel—appellant, Jacqueline Mitchell, Jennifer Wagner, and Corrine Griffin. Mitchell was with appellant as they walked into the hotel together. Surveillance units stopped appellant after he knocked on the door of Room 135 where Griffin was located. Richardson testified they found condoms and lubricant in Rooms 135 and 140. He identified Wagner as the person he encountered walking out of Room 140. According to hotel records, Wagner had rented Room 140. Richardson found $390 in cash in a black duffle bag in Room 140. Crabill stated the bag did not belong to her.

> Richardson stated a cell phone identified as belonging to appellant contained text messages to and from Crabill's phone. Appellant's cell phone also contained a screen shot of a Backpage.com advertisement. Richardson testified appellant's cell phone contained an outgoing text message, stating in part, 'I have hoes to tend to.' Also on appellant's phone were text messages that stated in part, '[M]y program consists of five women . . . . I run my show,' and 'I'm a pimp, not a gigolo.' Another screen shot of text messages on appellant's phone began, 'Are

2

you a pimp?' The response was from 'Macmoet' and stated, in part, 'You already know that, you know me, why you acting.' Crabill testified 'Macmoet' was a name appellant used.

Crabill testified she met appellant on September 5, 2015 at a smoke shop in Houston, Texas. Crabill stated the smoke shop was located on a 'known track,' or where women engage in prostitution. Crabill stated she was a prostitute at the time, and she testified appellant 'was trying to get [her] to come be one of his girls, to come work for him and give him [her] money.' She also stated she and appellant participated in a 'pimp circle' where pimps 'stand around you and holler' things like, 'I want you on my team.' Crabill testified appellant 'was just like, come on, just come get some money with me, I'll be good to you . . . we can do this.' She stated, 'And I believed him and I went.' Crabill, a convicted felon, had pending charges related to this incident.

Crabill stated she began working for appellant in Houston. Wagner, Mitchell, and Griffin were also working with appellant in Houston. Crabill, appellant, and the other women then began to travel together in one vehicle, and the women engaged in prostitution in the cities where they stopped. Three of the women shared a room together, and two of the women would leave when one had 'a date' 'because a trick could get scared if there was another girl in the room . . . .' Richardson testified prostitutes referred to customers as 'dates.' Crabill stated she advertised on Backpage.com, and she gave the money she earned to appellant.

Crabill described the travels of the group, and she testified she gave appellant 'everything' she earned. She also saw the other women give appellant money. If appellant was asleep or unavailable, Crabill gave her money to Wagner who was 'second in command.' Appellant paid for lubricant and condoms for Crabill.

Crabill stated she traveled to Henrico County from North Carolina with appellant and the other three women. Wagner rented the room in which Crabill, Wagner, and appellant stayed. Crabill stated she began to perform acts of prostitution upon their arrival. Crabill stated she made 'roughly $700' on September 19, 2015, and she gave the money to appellant.

Crabill stated that on September 20, 2015, appellant took her to Walmart to buy some lingerie. She stated appellant told her she 'was doing good and to keep it up.' Crabill was buying lingerie to 'take more pictures and entice.' Appellant gave Crabill the money to pay for the lingerie. While Crabill was away from the hotel, she received text messages from Richardson. Crabill testified she told appellant she had a 'date,' and appellant drove her back to the hotel, parking at the restaurant. connected to the hotel.

Crabill testified she had told appellant she was unhappy with 'the way things were going.' She said they were moving too frequently, they were not

3

making enough money, and appellant had not kept the promises he made to her. Crabill also stated appellant once hit her in the face when one of her dates 'went over.'

On cross-examination, Crabill testified appellant would tell the women to post messages in certain cities, but if they did not get enough call volume from their advertising, they would not travel to those locations.

ECF No. 19, attach. 2 at 2–4.

Specifically, on appeal, Petitioner argued that: (1) "the evidence was insufficient to prove he violated the commercial sex trafficking statute because the testimony of Brittni Crabill was not credible and was insufficient to prove [he] caused her to engage in prostitution"; (2) "the evidence was insufficient to prove he committed a racketeering offense because the evidence failed to prove two or more relevant offenses to establish racketeering activity"; and (3) "the evidence was insufficient to prove he committed a racketeering offense where there was no evidence of an 'enterprise due to no evidence of racketeering activity by three or more people, to include appellant, in the County of Henrico at the hotel where . . . Crabill was arrested.'" ECF No. 19, attach. 2 at 1, 6, 7; *see also* ECF No. 1 at 2.

On May 23, 2017, the Court of Appeals denied Petitioner's appeal and found that, with respect to Petitioner's first two grounds for appeal: Crabill's testimony was credible, and the Trial Court could conclude that the evidence was sufficient to prove beyond a reasonable doubt that Petitioner was guilty of sex trafficking and racketeering. ECF No. 19, attach. 2 at 6–7. As for the third ground for appeal, the Court of Appeals denied that ground because Petitioner did not present the argument to the Trial Court as required by Rule 5A:18, and Petitioner could not demonstrate that a miscarriage of justice occurred at the Trial Court. *Id.* at 7–8.

Petitioner appealed to the Supreme Court of Virginia, and the Supreme Court of Virginia refused Petitioner's appeal on July 11, 2018. *Wynn v. Commonwealth*, Record No. 171501 (Va. July 11, 2018).

4

Petitioner also filed a petition for writ of habeas corpus in the Circuit Court of the County of Henrico (the "State Habeas Court"). ECF No. 19, attach. 3. Therein, Petitioner raised the following claims:

1. a. Petitioner's double jeopardy protections were violated by his conviction for the two offenses:
   b. Petitioner's trial and appellate attorneys were ineffective for not raising a double jeopardy challenge to his convictions;

2. a. Petitioner's convictions were supported by insufficient evidence; his indictments were defective;
   b. Petitioner's trial and appellate attorneys were ineffective for not raising these claims;

3. a. Petitioner's convictions were based on inadmissible evidence; he was denied the right to confront witnesses; the prosecutor was guilty of misconduct
   b. Petitioner's trial and appellate attorneys were ineffective for not raising these claims;

4. Petitioner's trial and appellate attorneys were ineffective for failing to present exculpatory and impeachment evidence and to argue for acquittal on the basis of the evidence the trial attorney failed to present;

5. Virginia's procedures on appeal violate the United States Constitution by the denial of counsel for petitioner's habeas corpus claims of ineffective assistance of counsel.

ECF No. 19, attach. 3 at 1-2. In considering the petition, the State Habeas Court ruled:

> That since claims 1a, the portion of claim 2a addressing defective indictments and claim 3a could have been raised at trial or on appeal, they are barred by *Slayton v. Parrigan*, 215 Va. 27, 205 S.E.2d 680 (1974). The Court further rule[d] that because the portion of claim 2a addressing the sufficiency of the evidence was raised on appeal, it is barred by *Henry v. Warden, Riverside Regional Jail*, 265 Va. 246, 576 S.E.2d 495 (2003). The Court further rule[d] that claim 5 is not cognizable in habeas corpus as not addressing the validity of petitioner's conviction. The Court further rule[d] that, under the criteria set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), the petitioner has not shown that his attorney was ineffective and that, therefore, claims 1b, 2b, 3b, and 4 should be dismissed.

ECF No. 19, attach. 3 at 5. Petitioner appealed the State Habeas Court's decision to the Supreme Court of Virginia, which refused his petition for appeal on January 26, 2021. *Wynn v. Clarke*, Record No. 191699 (Va. Jan. 26, 2021).

Petitioner filed the instant federal petition for writ of habeas corpus pursuant to Section 2254 on February 22, 2021.  ECF No. 1.  Therein, Petitioner raises the following claims:

> Claim 1: (a) Petitioner's conviction violates the prohibition against Double Jeopardy, and (b) counsels were ineffective for failing to challenge his conviction on that basis – both at trial and on appeal.

> Claim 2: (a) Petitioner's conviction results from insufficient evidence, (b) defective indictments (due to vagueness, want of jurisdiction, and unlawful variances), and (c) ineffective assistance of counsels, both at trial and on appeal, for failing to challenge the same, or do so adequately.[1]

> Claim 3: (a) Petitioner's conviction results from the admission of inadmissible evidence, denial of his right to confrontation, prosecutorial misconduct, and (b) ineffective assistance of both trial and appellate counsels for failing to object to these errors

> Claim 4: Petitioner's conviction results from the ineffective assistance of both trial and appellate counsels for failing to put forth exculpatory and impeachment evidence, and/or argue for an acquittal based upon it.

> Claim 5: Petitioner's conviction results from illegally seized evidence, and the ineffective assistance of trial and appellate counsel for failing to challenge the same.

> Claim 6: Virginia's direct appeal scheme violates the U.S. Constitution's 6th and 14th Amendment right to counsel on direct appeal.

ECF No. 1 at 15–16.

Respondent filed a Motion to Dismiss, a Rule 5 Answer, a Brief in Support of the Motion to Dismiss, and a *Roseboro* Notice.  ECF Nos. 18–20.  Petitioner filed a response to Respondent's Motion.  ECF No. 21.  Therefore, the Petition and Motion to Dismiss are now ripe for recommended disposition.

---

[1] The State Habeas Court recognized Claim 2 as raising two subparts—(a) and (b), but referred to Claim 2(a) in two parts.  ECF No. 19, attach. 3 at 2 (distinguishing the portion of claim 2a alleging defective indictments and the portion of 2a alleging sufficiency of the evidence).  For the sake of clarity, this Court separates Claim 2(a) raised in Petitioner's state habeas petition into Claim 2(a) and (b) for his federal habeas petition.

## II. DISCUSSION

### A. Preliminary Argument

Respondent first argues that the Petition should be dismissed because it fails to comply with the Rules Governing Section 2254 cases. ECF No. 19 at 12–13. Respondent contends that "[t]he current petition does not appear to comply with Rule 2 because the copy served on the Director does not include Wynn's signature or his express authorization to have it signed on his behalf." *Id.* at 13 (citing ECF No. 1 at 14). He further contends "[a]s served on the Director, Wynn's initial filing did not submit the state habeas signature page as part of the federal petition but as a separate attachment, included only after Wynn's memorandum of law." *Id.* at 13 (citing ECF No. 1 at 41). The Court will not dismiss Petitioner's claim on this technicality, especially considering Petitioner both signed and had his entire filing notarized.[2] *See* ECF No. 1 at 40–41.

### B. Exhaustion, Procedural Default, and Federally Cognizable Habeas Claims

Before considering the merits of a federal habeas petition, the preliminary inquiry must be whether Petitioner appropriately exhausted the claims asserted in the Petition, and whether Petitioner has procedurally defaulted on his claims.[3] Additionally, the Court will not consider the merits of a petitioner's claims which seek relief not cognizable upon federal habeas review.

---

[2] The Court notes that Counsel for Respondent also may be considered to have run afoul of the procedural rules. Eastern District of Virginia Local Civil Rule 7(F)(3) states that "[e]xcept for good cause shown in advance of filing, opening and responsive briefs, exclusive of affidavits and supporting documentation, shall not exceed thirty (30) 8-1/2 inch x 11 inch pages double-spaced." E.D. Va. Loc. Civ. R. 7(F)(3). Respondent's brief is forty-four pages. *See* ECF No. 19. While Petitioner is pro se and thus minor procedural errors may be excused, Counsel for Respondent does not have the same status and is advised that absent good cause in advance of filing, such briefs may not be accepted in the future.

[3] Respondent does not argue that Petitioner's claims are untimely pursuant to 28 U.S.C. § 2244(d). ECF No. 19 at 13 n. 31.

### 1. Exhaustion

Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 5 26 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). "Thus, a petitioner convicted in Virginia first must have presented the same factual and legal claims raised in his federal habeas corpus application to the Supreme Court of Virginia on direct appeal or in a state habeas corpus petition." *Moody v. Dir., Virginia Dep't of Corr.*, No. 1:14cv1581, 2016 WL 927184, at *3 (E.D. Va. Mar. 3, 2016), *appeal dismissed*, 669 F. App'x 160 (4th Cir. 2016) (citing *Duncan v. Henry*, 513 U.S. 364 (1995)).

### 2. Procedural Default.

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). As the Fourth Circuit has explained, the procedural default doctrine provides that "[i]f a state court clearly and expressly

bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). *See also Hedrick v. True*, 443 F.3d 342, 359 (4th Cir. 2006) ("A federal claim is deemed procedurally defaulted where 'a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule.' . . . A federal court cannot review a procedurally defaulted claim unless the prisoner can demonstrate cause and prejudice for the default or a fundamental miscarriage of justice.") (quoting *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998); citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)) (internal citations omitted). As the Supreme Court has observed, "[t]he procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine." *Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017) (citing *McCleskey v. Zant*, 499 U.S. 467, 493 (1991)). When considering a petition for federal habeas corpus, § 2254(d) mandates that a state court's finding of procedural default be presumed correct, provided that the state court relied explicitly on procedural grounds to deny petitioner relief and that the procedural rule relied on is an independent and adequate state ground for denying relief. *See Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (explaining that "an adequate and independent state procedural bar to the entertainment of constitutional claims must have been 'firmly established and regularly followed' by the time as of which it is to be applied") (citing *James v. Kentucky*, 466 U.S. 341, 348–51 (1984)).

Additionally, a petitioner seeking federal habeas relief also procedurally defaults his claims when he "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the

claims procedurally barred.'" *Breard*, 134 F.3d at 619 (quoting *Coleman*, 501 U.S. at 735 n.1). Under these circumstances, the claim is considered simultaneously exhausted and procedurally defaulted so long as "it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)). Importantly, however, if "the procedural bar that gives rise to exhaustion provides an independent and adequate state-law ground for the conviction and sentence," a federal court may not review the simultaneously exhausted and procedurally defaulted claim. *Id.* (quoting *Gray*, 518 U.S. at 162).

Absent a showing of cause for the default and prejudice or a fundamental miscarriage of justice (such as actual innocence), this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989). *See also Sparrow v. Dir., Dep't of Corr.*, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (explaining that "a petitioner may nonetheless overcome procedural default, and have his claims addressed on the merits, by showing either cause and prejudice for the default, or that a miscarriage of justice would result from the lack of such review") (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). The Fourth Circuit has held that "[t]o establish cause, a petitioner must 'show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). *See also Davila v. Davis*, 137 S. Ct. 2058, 2065, 198 L. Ed. 2d 603 (2017) ("A factor is external to the defense if it 'cannot fairly be attributed to' the prisoner.") (quoting *Coleman v. Thompson*, 501 U.S. 722, 753 (1991)). "This requires a demonstration that 'the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding.'" *Hedrick v. True*, 443 F.3d 342, 366 (4th Cir. 2006)

10

(quoting *Roach v. Angelone,* 176 F.3d 210, 222 (4th Cir. 1999)).  "Importantly, a court need not consider the issue of prejudice in the absence of cause." *Booker v. Clarke*, No. 1:15CV781, 2016 WL 4718951, at *5 (E.D. Va. Sept. 8, 2016), *appeal dismissed*, 678 F. App'x 152 (4th Cir. 2017), cert. denied, 138 S. Ct. 234, 199 L. Ed. 2d 152 (2017), *reh'g denied*, 138 S. Ct. 538, 199 L. Ed. 2d 414 (2017) (citing *Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995), *cert. denied*, 517 U.S. 1171 (1996)).

### 3. Cognizable Claims

"A state prisoner is entitled to relief under § 2254 only if he is held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Billotti v. Legursky*, 975 F.2d 113, 119 (4th Cir. 1992) (quoting *Engle v. Isaac*, 456 U.S. 107, 109 (1982)).  Thus, questions of state law that do not implicate federal rights are not cognizable on federal habeas review. *Id.* (citing *Inge v. Procunier*, 758 F.2d 1010, 1014 (4th Cir. 1985).  "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *see also Wright v. Angelone*, 151 F.3d 151, 158 (4th Cir. 1998) (holding a petitioner's allegation that the state court lacked jurisdiction rested upon state law and therefore was not cognizable on federal habeas review); *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (holding that errors involved with state post-conviction proceedings are not cognizable on federal habeas review).

### 4. Claims 1(a), 2(b), 3(a), and 5 are simultaneously exhausted and procedurally defaulted on adequate and independent state-law grounds.

Petitioner raised Claims 1(a), 2(b), and 3(a) in his state habeas petition, which was decided by the State Habeas Court and presented to the Supreme Court of Virginia.  ECF No. 19, attach. 3 at 1–2; *Wynn v. Clarke*, Record No. 191699 (Va. Jan. 26, 2021).  In deciding his petition, the State Habeas Court dismissed Claims 1(a), 2(b), and 3(a) on the grounds that those claims were barred

by *Slayton v. Parrigan* because Petitioner could have raised them at trial or on appeal. ECF No. 19, attach. 3 at 5; *see also Slayton v. Parrigan*, 215 Va. 27, 30 (1974) (barring claims that could have been raised at the criminal trial or on direct appeal from habeas corpus review). The State Habeas Court's application of the rule in *Slayton* is an adequate and independent state law grounds for dismissal of Petitioner's claims. *Prieto v. Zook*, 791 F.3d 465, 468 (4th Cir. 2015) (citing *Mu'Min v. Pruett*, 125 F.3d 192, 196 (4th Cir. 1997)). Accordingly, these claims are simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

Petitioner failed to exhaust Claim 5 because he did not present it to the Supreme Court of Virginia either on direct appeal or through a state habeas petition. If Petitioner were to present Claim 5 in a new state habeas petition to the Supreme Court of Virginia, it would be procedurally barred as untimely under Virginia Code § 8.01-654(A)(2). Virginia Code § 8.01-654(A)(2) constitutes adequate and independent state-law grounds for decision. *Sparrow*, 439 F. Supp. 2d 584, 587–88 (E.D. Va. 2006) (Va. Code § 8.01-654(A)(2) is an independent and adequate state procedural rule). Accordingly, Claim 5 is simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

Petitioner may overcome procedural default by "showing [] cause and prejudice or a fundamental miscarriage of justice due to [his] actual innocence." *Silk*, 2009 WL 742552, at *3 (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998), and *Harris v. Reed*, 489 U.S. 255, 262 (1989)).

"[C]ause" refers to "some objective factor external to the defense [that] impeded counsel's [or the petitioner's] efforts to comply with the State's procedural rule." *Strickler v. Greene*, 527 U.S. 263, 283 n.24 (1999) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Petitioner offers no argument or evidence that some objective factor impeded Petitioner's ability to comply with

the state procedural rules regarding appellate review.   Absent cause, a prejudice analysis is unnecessary.  *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).

Furthermore, Petitioner does not assert that he is actually innocent, or present any evidence of actual innocence.  Absent a sufficient assertion of actual innocence, or evidence supporting actual innocence, Petitioner cannot demonstrate a fundamental miscarriage of justice.  *Royal v. Taylor*, 188 F.3d 239, 244 (4th Cir. 1999) ("In order to use an actual innocence claim as a procedural gateway to assert an otherwise defaulted claim, 'the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the *new evidence*.'") (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (emphasis added).

Accordingly, the undersigned **FINDS** that Claims 1(a), 2(b), 3(a), and 5 are simultaneously exhausted and procedurally defaulted, and thus, should be dismissed.

   *5.   Claims 2(a) and 6 are not cognizable on federal habeas review.*

Claim 2(a) challenges the sufficiency of the evidence, and Petitioner argues that the Trial Court improperly allowed the Commonwealth to reference Petitioner's recorded jail call, which had been ruled inadmissible, and that the Trial Court impermissibly considered the Commonwealth's arguments regarding the recorded jail call. ECF No. 1 at 22. Petitioner raised this claim on direct appeal wherein he argued "the evidence was insufficient to prove he committed a racketeering offense where there was no evidence of an enterprise due to no evidence of racketeering activity by three or more people, to include appellant, in the County of Henrico at the hotel where Crabill was arrested." ECF No. 19, attach. 2 at 6-8. The Court of Appeals of Virginia ruled that Petitioner had not raised the issue at trial, and no ends of justice exception applied such

that the Court of Appeals would consider it on direct appeal.  ECF No. 19, attach. 2 at 7–8.

Nonetheless, the Court of Appeals stated:

> [F]our women traveled with appellant for purposes of prostitution. Crabill stated all of the women gave appellant the money they earned from the prostitution. Crabill described how three women would share a hotel room together and two of the women would leave when the third woman had a 'date.' Crabill saw the other women in the group give appellant the money they earned through prostitution. Appellant and the four women traveled to Henrico County together and rented two hotel rooms. Wagner paid for one of the hotel rooms, and Crabill described Wagner as 'second in command.' Crabill, Wagner, and appellant stayed in that room. Police found Griffin in Room 135, and they saw appellant knocking on the door to that room. Police found condoms and lubricant in both of the hotel rooms and a large amount of cash in a duffle bag in one of the rooms. Screen shots and text messages on appellant's cell phone showed appellant referred to himself as a 'pimp,' having 'five girls' in his program, and having 'hoes to tend to.'

*Id.*  Accordingly, the Court of Appeals found that "the record fails to affirmatively establish that fewer than three persons were associated for purposes of violating two or more of the statutes included in the definition of 'racketeering activity' in Henrico County" and thus, the Court of Appeals could not "conclude that a clear injustice has occurred that would warrant the application of the ends of justice exception to Rule 5A:18."

Petitioner then raised this claim in his state habeas petition.  ECF No. 19, attach. 3 at 2. The State Habeas Court found that the portion of Claim 2(a) addressing the sufficiency of the evidence was barred by *Henry v. Warden, Riverside Regional Jail*, 265 Va. 256, 576 S.E.2d 495 (2003), because it was raised on direct appeal. ECF No. 19, attach. 3 at 5; *see Henry*, 265 Va. 246, 249 ("a non-jurisdictional issue raised and decided either in the trial or on direct appeal from the criminal conviction will not be considered in a habeas corpus proceeding.").  However, because Petitioner's argument only involves application of state law, it is not subject to review by this

Court.[4] *Hood v. Johnson*, No. 2:06cv422, 2007 WL 593576, at *5 (E.D. Va. Feb. 16, 2007) (noting where the Virginia habeas court rejects a claim pursuant to *Henry*, and the determination involves only the application of state law, "it is not subject to review" in a federal habeas proceeding) (citing *Estelle*, 502 U.S. at 67-68) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

In Claim 6, Petitioner alleges that "Virginia's direct appeal scheme violates the 6th and 14th Amendment of the U.S. Constitution, and violated [Petitioner's] right to the same." ECF No. 1 at 38. In support of his claim, Petitioner argues that because the claim of ineffective assistance of counsel cannot be raised on direct appeal, persons wishing to challenge their counsel's effectiveness must do so through habeas corpus proceedings—without the assistance of counsel. *Id.* at 38–40. Petitioner argues it violate[es] Petitioner's 6th Amendment Right to Counsel, and 14th Amendment Right to Due Process" because Petitioner is "forced to put forth his claims of ineffective assistance of trial counsel without the benefit of counsel," and "prevented from having them reviewed on direct appeal." *Id.* at 40.

Petitioner is only entitled to relief under § 2254 if he is held "in custody in violation of the Constitution or law or treaties of the United States." *Billotti*, 975 F.2d at 119 (internal quotation and citation omitted). Petitioner's argument that Virginia's direct appeal scheme violates the Constitution does not challenge his conviction. *Estelle*, 502 U.S. at 68 ("a federal court is limited

---

[4] Though Petitioner generally uses the language "due process" in identifying his claim, *see* ECF No. 1 at 19, he does not connect any denial of due process to his insufficiency of the evidence claim. In fact, in discussing his sufficiency of the evidence claims, Petitioner cites only state law. *Id.* at 21, 24–25. If Claim 2(a) alleged some constitutional issue, the rule in *Henry* would not prevent federal habeas review of the claim. *Hood v. Johnson*, No. 2:06cv422, 2007 WL 593576, at *5 (E.D. Va. Feb. 16, 2007). Nonetheless, because Petitioner also alleged ineffective assistance of counsel for failure to raise this Claim and did properly exhaust his ineffective assistance of counsel claim, his argument is addressed in that context in Section II.D.2., *infra*.

to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.")
(citing 28 U.S.C. § 2241).  Moreover, there is no constitutional right to counsel in state habeas
proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).  Accordingly, Claim 6 does not
challenge Petitioner's conviction as violating the Constitution, laws, or treaties of the United
States, and is not cognizable on federal habeas review.

For these reasons, the undersigned **FINDS** that Claims 2(a) and 6 are not cognizable on
federal habeas review, and should be dismissed.

C.  Standards of Review on Merits of Remaining Claims

*1.  28 U.S.C. § 2254(d)*

Habeas relief is warranted only if Petitioner can demonstrate that the adjudication of each
of his claims by the state court "resulted in a decision that was contrary to, or involved an
unreasonable application of, clearly established federal law, as determined by the Supreme Court
of the United States" or "resulted in a decision that was based on an unreasonable determination
of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).
Thus, federal habeas relief is precluded, so long as "fair-minded jurists could disagree" on the
correctness of the state court's decision. *Harrington v. Richter*, 562 U.S. 86, 102 (2011). "If this
standard is difficult to meet, that is because it was meant to be. As amended by AEDPA[5], § 2254(d)
stops short of imposing a complete bar on federal-court relitigation of claims already rejected in
state proceedings." *Harrington v. Richter*, 562 U.S. 86, 102 (2011) ("It preserves authority to
issue the writ in cases where there is no possibility fairminded jurists could disagree that the state
court's decision conflicts with this Court's precedents. It goes no further.") (citing *Felker v.
Turpin*, 518 U.S. 651, 664 (1996) (discussing AEDPA's "modified *res judicata* rule" under §

---

[5] Antiterrorism and Effective Death Penalty Act of 1996.

16

2244)).  In other words, "AEDPA prohibits federal habeas relief for any claim adjudicated on the merits in state court, unless one of the exceptions listed in § 2254(d) obtains." *Premo v. Moore*, 562 U.S. 115, 121 (2011).

In *Williams v. Taylor*, the Supreme Court explained that the "exceptions" encapsulated by § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses have independent meaning. 529 U.S. 362, 404–05 (2000).  A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in Supreme Court cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts.  *Id.* at 405–06.  This Court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from Supreme Court decisions, but unreasonably applies it to the facts of the particular case.  *Williams v. Taylor*, 529 U.S. 362, 407-08 (2000).  *See also Woodford v. Visciotti*, 537 U.S. 19, 27 (2002) ("The federal habeas scheme leaves primary responsibility with the state courts for these judgments, and authorizes federal-court intervention only when a state-court decision is objectively unreasonable.").  "The focus of the [unreasonable application] inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Bell v. Cone*, 535 U.S. 685, 694 (2002).

In making this determination under Section 2254(d)(1), the Court "is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181–82 (2011) ("Section 2254(d)(1) refers, in the past tense, to a state-court adjudication that 'resulted in' a decision that was contrary to, or 'involved' an unreasonable application of, established law.  This backward-looking language requires an examination of the state-court

decision at the time it was made. It follows that the record under review is limited to the record in existence at that same time i.e., the record before the state court."). Thus, it is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves."[6] *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). *See also Williams v. Taylor*, 529 U.S. 362, 412–13 (2000) (explaining that the Court independently reviews whether that decision satisfies either standard). Additionally, in undertaking such review, this Court is mindful that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

### 2. *Ineffective Assistance of Counsel*

Because there is no allegation that the state courts decided Petitioner's state habeas "differently than [the U.S. Supreme] Court has on a set of materially indistinguishable facts," *Williams v. Taylor*, 529 U.S. 362, 413 (2000), the relevant exception is "permitting relitigation where the earlier state decision resulted from an 'unreasonable application of' clearly established federal law" and "[t]he applicable federal law consists of the rules for determining when a criminal defendant has received inadequate representation as defined in *Strickland*," *Premo v. Moore*, 562 U.S. 115, 121 (2011) (citing *Harrington v. Richter*, 562 U.S. 86, 100 (2011); 28 U.S.C. § 2254(d)(1)). *See also Strickland v. Washington*, 446 U.S. 668 (1984). Generally, to have been entitled to habeas relief in State court for ineffective assistance of counsel claims under the Sixth Amendment, Petitioner had to show both that his defense counsel provided deficient assistance,

---

[6] Pursuant to § 2254(d), the federal court must look to the state court decision that was "adjudicated on the merits in State court proceedings . . . resulting in a decision." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997). In this case, the qualifying state court decision on the merits is the State Habeas Court's September 17, 2019 decision on the merits of the state habeas petition. ECF No. 19, attach. 3.

and that he was prejudiced as a result of counsel's deficiency. *Strickland v. Washington*, 446 U.S. 668, 700 (1984) (conceptualizing the inquiry as two required prongs: a deficiency prong and a prejudice prong). First, to establish deficient performance, Petitioner was required to show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 446 U.S. at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Petitioner was also required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that a petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding").

The United States Supreme Court summarized the high bar faced by petitioners in a federal habeas proceeding where a petitioner's Sixth Amendment ineffective assistance of counsel claims were previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so . . . . The *Strickland* standard is a general one, so the range of reasonable applications is substantial. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo v. Moore*, 562 U.S. 115, 122–23 (2011) (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lindh v. Murphy*, 521 U.S. 320, 333 n.7 (1997); *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009))) (internal citations omitted). *See also Knowles*, 556 U.S. at 123 ("Under the doubly deferential judicial review that

applies to a *Strickland* claim evaluated under the § 2254(d)(1) standard . . . Mirzayance's ineffective-assistance claim fails.") (citing *Yarborough v. Gentry*, 540 U.S. 1, 5–6 (2003) (*per curiam*)).   To be sure, and particularly apropos to Petitioner's claim, the "[f]ailure to raise a meritless argument can *never* amount to ineffective assistance." *Juniper v. Zook*, 117 F. Supp. 3d 780, 791 (E.D. Va. 2015) (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996)) (emphasis added).

With these principles in mind, the undersigned now turns to the merits of the remaining claims in the Petition.

### D. Facts and Findings of Law

#### 1. Claim 1(b)

In Claim 1(b), Petitioner alleges counsel was ineffective for failing to raise the argument that Petitioner's conviction violates the Double Jeopardy clause. ECF No. 1 at 16–19. In order for Petitioner to be granted habeas relief on this Claim, he must demonstrate that his counsel provided ineffective assistance which fell below the permissible level of effectiveness by failing to raise the argument that Petitioner's conviction violated the Double Jeopardy Clause, and that the failure to make this argument prejudiced Petitioner such that the outcome would have been different.

In dismissing Petitioner's state habeas petition, the State Habeas Court found that Petitioner's attorney "did not display deficient performance in not raising an alleged Double Jeopardy violation" because "there was no Double Jeopardy violation in the criminal prosecutions." ECF No. 19, attach. 3 at 2–3. Further, the State Habeas Court found that "both statutes violated by the petitioner state that '[e]ach violation of this section is a separate and distinct

felony" and accordingly, "Petitioner's appellate attorney's decision not to raise a defaulted claim on appeal was reasonable." *Id.* at 3.

The State Habeas Court found that neither *Strickland* prong was satisfied, and the undersigned must conclude that such a finding was not unreasonable. To determine whether Double Jeopardy applies, the Supreme Court has established the following rule: "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). Further, "[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other." *Id.* However, "[b]ecause the *Blockburger* analysis is a 'rule of statutory construction,' it 'should not be controlling where . . . there is a clear indication of contrary legislative intent.'" *United States v. Nielsen*, 640 F. App'x 224, 230 (4th Cir. 2016) (quoting *United States v. Allen*, 13 F.3d 105, 108 (4th Cir. 1993) (additional citations omitted).

Petitioner was convicted of Sex Trafficking and Participating in a Racketeering Enterprise, in violation of §§ 18.2-357.1 and 18.2-514 of the Virginia Code. To convict a person of Sex Trafficking, the Commonwealth must prove that a defendant was "solicit[ing] . . . encourag[ing] . . . or otherwise caus[ing] or attempt[ing] to cause another to engage in prostitution with the intent to receive money or other valuable thing or to assist another in receiving money or other valuable thing." *Carr v. Commonwealth*, 69 Va. App. 106, 117 (2018) (citing Va. Code § 18.2-357.1(A)). To convict a person of Participating in a Racketeering Enterprise, the Commonwealth must prove (1) that the defendant "was associated with an enterprise," which is "defined as a group of three or

more individuals associated for the purpose of criminal activity"; and (2) that the defendant "conducted or participated directly or indirectly in such enterprise racketeering activity," defining racketeering as "means to commit, attempt to commit, conspire to commit or solicit, coerce or intimidate another to commit two or more of the following offenses:" "[o]ne, aiding prostitution or elicit sexual intercourse, two, for purposes of prostitution or unlawful sexual intercourse, takes any person into or persuades, encourages or causes any person to enter a [bawdy] place, three, receiving money from prostitution." *Henry v. Va. Dep't of Corr.*, Civil Action No. 3:17CV03, 2019 U.S. Dist. LEXIS 212226, at *22-23 (E.D. Va. Dec. 9, 2019). Both statutes say "[e]ach violation of this section constitutes a separate and distinct felony." Va. Code § 18.2-357.1(D); Va. Code § 18.2-514(E). Thus, the State Habeas Court found that there was no double jeopardy violation because "both statutes violated by the petitioner state that '[e]ach violation of this section is a separate and distinct felony.'" ECF No. 19, attach. 3 at 3; *see also Richardson v. Branker*, 668 F.3d 128, 141 (4th Cir. 2012) ("When a claim of ineffective assistance of counsel raised in a habeas corpus petition involves an issue unique to state law . . . , a federal court should be especially deferential to a state postconviction court's interpretation of its own state's law.).

In light of the language of the statutes under which Petitioner was convicted, the State Habeas Court's finding that Petitioner's attorney was not ineffective for failing to raise a double jeopardy violation where there was no double jeopardy violation was not unreasonable or contrary to federal law. Nor was it unreasonable or contrary to federal law to find that Petitioner's appellate attorney's decision not to raise a defaulted claim on appeal was reasonable. The undersigned **FINDS** that Petitioner has not demonstrated that his counsel's representation and failure to raise a meritless Double Jeopardy claim fell below an objective standard of reasonableness, or a reasonable probability that if his counsel had raised that claim, the result of the proceeding would

have been different. *See Juniper v. Zook*, 117 F. Supp. 3d 780, 791 (E.D. Va. 2015) ("[f]ailure to raise a meritless argument can never amount to ineffective assistance.") (quoting *Moore v. United States*, 934 F. Supp. 724, 731 (E.D. Va. 1996)). Accordingly, the undersigned **RECOMMENDS** that Claim 1(b) be **DISMISSED**.

### 2. Claim 2(c)

In Claim 2(c), Petitioner alleges counsel at trial and on appeal were ineffective for failing to contest defective indictments and for failing to challenge the sufficiency of the evidence based on the defective indictments. ECF No. 1 at 22–25. In order for Petitioner to be granted habeas relief on this Claim, he must demonstrate that his counsel provided ineffective assistance which fell below the permissible level of effectiveness by failing to argue that the indictments were defective and failing to challenge the sufficiency of the evidence based on the defective indictments, and that the failure to make this argument prejudiced Petitioner such that the outcome would have been different in his case.

In dismissing Petitioner's state habeas petition, the State Habeas Court found:

> the attorney did not display defective performance in not challenging the indictments as defective. The Court further finds that the indictments were not defective, but fully complied with Virginia Code § 19.2-220. The Court further finds that the petitioner and his attorney were fully aware of the charges against the petitioner and of what the Commonwealth had to prove. The Court further finds that the attorney did not display deficient performance in not challenging venue since venue was fully established for both crimes. Petitioner's appellate attorney's decision not to raise defaulted claims on appeal was reasonable.

ECF No. 18, attach. 3 at 3.

The State Habeas Court found that neither *Strickland* prong was satisfied, and the undersigned must conclude that such a finding was not unreasonable. Moreover, the State Habeas Court made the factual findings that the indictments fully complied with the Virginia Code, that

Petitioner and his attorney were aware of the charges against him, and that venue was fully established for both crimes.

Despite Petitioner's contentions that that the indictment against him for Sex Trafficking does not specifically identify the person who was trafficked, and the Participation in Racketeering Enterprise indictment does not identify which "racketeering activity" Petitioner engaged in, ECF No. 1 at 22–23, all that is constitutionally required is that the indictment sufficiently specifies the conduct at issue to give the defendant notice sufficient to prepare an adequate defense. *United States v. Mendez-Colon*, 417 F. App'x 320, 321 (4th Cir. 2011) (finding indictment which alleged elements of the offense and by identifying date and location of assault was sufficient to put the defendant on notice as to the conduct at issue); *Barbe v. McBride*, 477 F. App'x 49, 51-52 (4th Cir. 2012) (finding charge of "Sexual Assault in the Second Degree" was sufficient to put defendant on notice that he could be convicted for engaging in either sexual intercourse or sexual intrusion because both were covered by the statute). Nor does Petitioner's contention that the flaws in the indictment prevent him from pleading double jeopardy in a future prosecution for the same offense have any merit. *Mendez-Colon*, 417 F. App'x at 321 (finding the indictment's failure to name victims does not prevent a defendant from raising double jeopardy as a defense to a future prosecution because the defendant "would be permitted to rely on the record as a whole, not just the indictment."). Accordingly, the State Habeas Court's finding that Petitioner's counsel was not ineffective for failing to raise the arguments in Claim 2(c) regarding defective indictments was not based on any unreasonable findings and did not unreasonably apply clearly established federal law.

Similarly, Petitioner's contentions that counsel was ineffective for failing to raise jurisdictional challenges to the indictment for the racketeering charge are without merit. ECF No. 1 at 24–25. Here, the State Habeas Court found that venue was fully established for both crimes. With respect to the racketeering charge, the Virginia Code provides that:

> For the purposes of venue, any violation of this chapter shall be considered to have been committed in any county or city:
>
> 1. In which any act was performed in furtherance of any course of conduct that violates this chapter;
> 2. That is the principal place of the enterprise in the Commonwealth;
> 3. In which any offender had control or possession of any proceeds of a violation of this chapter, or of any records, or any other material or objects, which were used in furtherance of a violation;
> 4. In which any offender resides; or
> 5. Any place of venue under Article 2 (§ 19.2-244 et seq.) of Chapter 15 of Title 19.2.

Va. Code § 18.2-517. Petitioner contends that the "whole basis of the charge" consisted of acts occurring outside Henrico County. ECF No. 1 at 24. Specifically, Petitioner contends that the evidence at trial showed that certain phone calls took place outside Henrico County and outside the Commonwealth of Virginia, and were ruled inadmissible by the Trial Court but relied upon at trial. *Id.* First, in reviewing the trial transcript, Petitioner's attorney did object to phone records that took place outside the Commonwealth of Virginia on venue grounds. T.R. at 423–427. While his objection was initially overruled (T.R. at 427), the Trial Judge ultimately ruled that any calls that took place outside of the County of Henrico were inadmissible. T.R. at 439–440. The Trial Judge ultimately found that phone records, in Exhibit 16 at trial, appropriately provided corroboration for Ms. Crabill's testimony that she gave money to the Petitioner in support of the racketeering charge. T.R. at 477. Contrary to Petitioner's assertion, Exhibit 16 contained numerous calls, not just calls occurring outside the County of Henrico. The exchange with the Court went as follows:

> **The Court**: I'd like to revisit [Defense Counsel's] objection to the lower numbered calls, I think it's in the 240's on Exhibit 16. I'm looking at the indictment. It says between September 1, 2015 and September, and December 31, of 2015, in the County of Henrico and within the jurisdiction, I think [Defense Counsel's] objection was that the messages in the 240, 241, the evidence was that it was taken place outside of the County of Henrico, [Defense Counsel], isn't that correct?
>
> **[Defense Counsel]**: That's correct, Your Honor.
>
> **[Prosecutor]**: With that point, I'll concede to that.
>
> **The Court**: Alright, the Court will sustain the objection as to any calls that took place, the one, this is Exhibit Number 16, that would be outside the County of Henrico.

T.R. at 438-39. The Court then clarified that Exhibit 16 was a phone examination report for certain phones belonging to Petitioner, which started with Call Number 1 and ends at Call Number…996. T.R. at 439. Thus, Exhibit 16 contained some records outside the County of Henrico (numbers 240 and 241), but some calls within the County of Henrico. There is no evidence that the Trial Judge specifically relied on the calls outside the County of Henrico in finding Petitioner guilty of the Racketeering charge. Moreover, in reviewing the trial record, there is no evidence to support Petitioner's contention that the "whole basis" of his racketeering charge was based on events occurring outside the County of Henrico.

In light of the State Habeas Court's finding that venue was appropriate which is entitled to deference, as well as reviewing the record, the undersigned **FINDS** that the State Habeas Court's decision that Trial Counsel was not deficient for failing to raise jurisdictional challenges and sufficiency of the indictment based on venue was not unreasonable nor contrary to federal law. Additionally, because such argument was meritless, the undersigned **FINDS** Petitioner's appellate attorney's decision not to raise this argument on appeal was not unreasonable nor contrary to federal law. Accordingly, the undersigned **RECOMMENDS** that Claim 2(c) be **DISMISSED**.

### 3. Claim 3(b)

In Claim 3(b), Petitioner argues that "neither trial nor appellate counsel objected to, or otherwise challenged Petitioner's conviction based upon[] the hearsay testimony of Detective Richardson, the admission of evidence that the Court had ruled was inadmissible (i.e., the phone messages/calls), or the aforementioned prosecutorial misconduct." ECF No. 1 at 29.  In order for Petitioner to be granted habeas relief on this Claim, he must demonstrate that his counsel provided ineffective assistance which fell below the permissible level of effectiveness by failing to challenge the hearsay testimony of Detective Richardson, the phone messages/calls, and prosecutorial misconduct, and that the failure to raise these arguments prejudiced Petitioner such that the outcome would have been different.

In dismissing the petition, the State Habeas Court found:

> the attorney did not display deficient performance in not raising hearsay objections to the testimony of a police witness.  The Court further finds that the hearsay declarants were outside the courtroom ready to testify if required.  The Court further finds that the petitioner has shown no evidence that the prosecutor coached the main prosecution witness.  The Court further finds that the petitioner has not shown that the prosecutor failed to turn over exculpatory evidence to the petitioner.  The Court finds, in fact, that the relevant evidence was emailed to the petitioner's attorney nine months before trial.  For these reasons, the Court finds no deficient performance under this claim.  Petitioner's appellate attorney's decision not to raise defaulted claims on appeal was reasonable.

ECF No. 19, attach. 3 at 3–4.

With respect to Petitioner's first argument that his Trial Counsel should have made hearsay objections to Detective Richardson's testimony, the State Habeas Court's reasoning was not unreasonable or contrary to federal law.  The State Habeas Court found that the hearsay declarants were outside the courtroom ready to testify. ECF No. 19, attach. 3 at 3.  Accordingly, Petitioner cannot show the second prong of *Strickland*—that the outcome would have been different if his trial counsel objected to the alleged hearsay statements from Detective Richardson.

As for Petitioner's argument that counsel was ineffective for failing to object to the admission of phone records and prosecutorial misconduct, for the reasons explained above, Petitioner cannot demonstrate that the Trial Court improperly admitted evidence of phone calls occurring outside Henrico County, or that the Trial Court improperly relied on those phone calls. *See* Section II.D.2., *supra.* Petitioner, therefore, cannot demonstrate that the State Habeas Court's finding that his Trial Counsel's failure to object was unreasonable or contrary to federal law.

Finally, regarding Petitioner's argument that the prosecutor engaged in misconduct by coaching witnesses and failing to turn over statements from Jennifer Wagner, the State Habeas Court found that Petitioner did not show any evidence that the prosecutor coached the main witness. The Court must defer to the State Habeas Court's factual findings, and Petitioner has not demonstrated any evidence that the State Habeas Court's findings regarding the lack of evidence to support the contention that the prosecution coached the main witness was unreasonable or contrary to federal law. Moreover, the State Habeas Court found that Jennifer Wagner's statements were emailed to his attorney nine months before trial. Petitioner himself attaches those emails to his Petition—demonstrating that Ms. Wagner's statements were provided to his attorney. ECF No. 1 at 44–45. Thus, the State Habeas Court's determination was not unreasonable or contrary to federal law. Similarly, Petitioner cannot demonstrate that the State Habeas Court's determination that his appellate counsel was not ineffective for failing to raise these issues on appeal was unreasonable or contrary to federal law. Accordingly, the undersigned **RECOMMENDS** that Claim 3(b) be **DISMISSED**.

### 4. *Claim 4*

In Claim 4, Petitioner argues that counsel at trial and on appeal were ineffective for failing to put forth certain exculpatory and impeachment evidence, and/or argue for an acquittal based

upon that evidence. ECF No. 1 at 32–35. Specifically, regarding the impeachment evidence, Petitioner contends that his Trial Counsel should have impeached Brittni Crabill based on statements made in her recorded interview, and the fact that she received clothing and transportation in exchange for her testimony. *Id.* Petitioner also contends that Trial Counsel should have impeached Detective Richardson regarding where he found Petitioner's cell phone. ECF No. 1 at 34. In order for Petitioner to be granted habeas relief on this Claim, he must demonstrate that his counsel provided ineffective assistance which fell below the permissible level of effectiveness by failing to put forth the impeachment evidence, and that the failure to do so prejudiced Petitioner such that the outcome would have been different. The State Habeas Court found that Trial Counsel did not display deficient performance because he engaged in substantial impeachment of Brittani Crabill, and a reasonable attorney could determine that the areas noted by Petitioner would not have significantly increased the witness's impeachment. ECF No. 19, attach. 3 at 4–5. As for Petitioner's claim that his Trial Counsel failed to impeach Detective Richardson about the location where he found Petitioner's phone, the State Habeas Court found Trial Counsel "did not err in not raising the fact that a detective may have made inconsistent statements about where he found the petitioner's cell phone" and that "there was no dispute at trial about the petitioner's ownership of the phone and that raising the inconsistency would not have been helpful to the petitioner's case" *Id.* It is well established in the Fourth Circuit that "cross-examination of witnesses falls within the area of trial tactics and strategy that should not be subjected to second guessing and hindsight by this Court." *Benn v. United States*, No. 1:11cr127-2, 2019 WL 3412425, at *20 (M.D.N.C. July 29, 2019) (citing cases). The record does not contain evidence that would allow the Court to second guess Trial Counsel's decision on cross-examining

witnesses, or that Trial Counsel's cross-examination fell below a permissible level of effectiveness.

With respect to Petitioner's claim that his Trial Counsel failed to put forth allegedly exculpatory evidence, Petitioner contends that his Trial Counsel should have put forth an Affidavit from Mary Frank disavowing that she was Petitioner's prostitute. ECF No. 1 at 34, 56. In order for Petitioner to be granted relief on this Claim, he must demonstrate that his Trial Counsel provided ineffective assistance which fell below the permissible level of effectiveness by failing to put forth the alleged exculpatory evidence, and that the failure to do so prejudiced Petitioner such that the outcome would have been different. The State Habeas Court found that "the affidavit of a defense witness would not have been admissible or relevant at trial." ECF No. 19, attach. 3 at 4–5. If the affidavit would not have been admissible at trial, Trial Counsel could not be ineffective for failing to raise a meritless argument. Thus, Petitioner has not demonstrated that his Trial Counsel's performance fell below a permissible level of effectiveness. Even if it were admissible and Trial Counsel failed to introduce it in evidence, the record demonstrates other corroborating evidence of Petitioner's charges—including the testimony of Brittani Crabill and the text messages on Petitioner's phone—was sufficient to support a finding of guilt, such that Petitioner cannot demonstrate that the result would have been different had his attorney presented the affidavit from Mary Frank. Similarly, Petitioner's claim that his appellate counsel's failure to raise these issues is without merit. The State Habeas Court's conclusion that Petitioner's appellate attorney's decision not to raise meritless claims on appeal was not unreasonable. The State Habeas Court found that "Petitioner's appellate attorney's decision not to raise defaulted claims on appeal was reasonable." ECF No. 19, attach. 3 at 4-5. For the reasons his Trial Counsel's performance was not ineffective, Petitioner cannot demonstrate that his appellate attorney's decision not to raise

these issues on appeal was also ineffective, or that the State Habeas Court's determination of the same was unreasonable or contrary to federal law. The undersigned therefore **FINDS** that Petitioner has not demonstrated that the State Habeas Court's decision his Trial Counsel's failure to present impeachment and other purportedly exculpatory evidence was unreasonable or contrary to federal law. Accordingly, the undersigned **RECOMMENDS** that Claim 4 be **DISMISSED**.

### III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 18, be **GRANTED**, and the Petitions, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

### V. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Petitioner is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v.*

*Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to Petitioner and to counsel for Respondent.

/s/
Lawrence R. Leonard
United States Magistrate Judge

Lawrence R. Leonard
United States Magistrate Judge

Norfolk, Virginia
August 12, 2022