IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**CALVIN W. WYNN, #1767237,**

    **Petitioner,**

    v.                                                                            Civil Action No. 2:21cv90

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

    **Respondent.**

**FINAL ORDER**

Before the Court is a Petition for a Writ of *Habeas Corpus* filed pursuant to 28 U.S.C. § 2254 (ECF No. 1) and the Respondent's Motion to Dismiss (ECF No. 18). In his Petition, the *pro se* Petitioner alleges violation of federal rights pertaining to his convictions in the Henrico County Circuit Court for Sex Trafficking and Participating in a Racketeering Enterprise. (R&R 1, ECF No. 23.) As a result of his convictions, Petitioner was sentenced to serve a total of 40 years in prison with 23 years suspended. (*Id*.)

The Petition was referred to United States Magistrate Judge Lawrence R. Leonard for a report and recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Local Civil Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Magistrate Judge's Report and Recommendation, filed August 12, 2022, recommends dismissal of the Petition with prejudice. (R&R, ECF No. 23.) On August 26, 2022, Petitioner timely filed objections to the Report and Recommendation. (Objections, ECF No. 24.) Respondent responded to Petitioner's objections on September 9, 2022. (Response, ECF No. 25.)

The Court notes first that Petitioner did not object to Magistrate Judge Leonard's recommendations that Claims 2(a) and 6 be dismissed as "not cognizable," that the State Habeas Court's dismissal of Claim 4 is entitled to deference, or that Claim 5 is both exhausted and procedurally barred.  (R&R 12-16, 28-31.)  Therefore, the recommendations regarding those claims are adopted and approved as set forth in the R&R.  Next, Wynn's general objections, which lack sufficient specificity to reasonably alert the Court to the objection, and his arguments that the Magistrate Judge should have drawn different conclusions are overruled.  *See United States v. Midgette*, 478 F.3d 616, 621-22 (4th Cir.), *cert. denied*, 551 U.S. 1157 (2007).  Finally, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, the Court makes the following *de novo* findings with respect to the portions of the R&R to which the Petitioner objected:

(1) the Magistrate Judge correctly concluded that Claims 1(a), 2(b), 3(a), and 5[*] were "simultaneously exhausted and procedurally defaulted, and thus, should be dismissed" (R&R 13);

(2) the Magistrate Judge correctly concluded that the "State Habeas Court's finding that Petitioner's attorney was not ineffective for failing to raise a double jeopardy violation where there was no double jeopardy violation was not unreasonable or contrary to federal law," that it was not "unreasonable or contrary to federal law to find that Petitioner's appellate attorney's decision not to raise a defaulted claim on appeal was reasonable" and, thus, he correctly concluded that Claim 1(b) should be dismissed (R&R 22-23);

---

[*] It is unclear from the Objections whether Petitioner intended to object to the Magistrate Judge's finding that Claim 5 was procedurally barred since he refers only to his "initial three claims," but the Court has reviewed Claim 5. (*See* Objection 2.)

(3) the Magistrate Judge correctly concluded that the "State Habeas Court's finding that Petitioner's counsel was not ineffective for failing to raise the arguments in Claim 2(c) regarding defective indictments was not based on any unreasonable findings and did not unreasonably apply clearly established federal law" and that "Petitioner's appellate attorney's decision not to raise this argument on appeal was not unreasonable nor contrary to federal law," and, thus, he correctly concluded that Claim 2(c) should be dismissed (R&R 24-26);

(4) the Magistrate Judge correctly concluded that the State Habeas Court's "holding that the claim [3(b)] satisfied neither prong of *Strickland* 'was not unreasonable or contrary to federal law,'" and, thus, he correctly concluded that Claim 3(b) should be dismissed (R&R 27-28);

(5) the Magistrate Judge correctly concluded that Wynn's claims could be decided without an evidentiary hearing (R&R 1); and

(6) Wynn's remaining arguments do not show any error in the Magistrate Judge's R&R. For all of these reasons, the Court overrules the Objections of the Petitioner and does hereby **ADOPT** and **APPROVE** the findings and recommendations set forth in the Report and Recommendation filed August 12, 2022. It is, therefore, **ORDERED** that the Respondent's Motion to Dismiss (ECF No. 18) be **GRANTED**, and that the Petition (ECF No. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that judgment be entered in favor of the Respondent.

Finding that the procedural basis for dismissal of Petitioner's § 2254 Petition is not debatable, and alternatively finding that Petitioner has not made a "substantial showing of the denial of a constitutional right," a certificate of appealability is **DENIED**. 28 U.S.C. § 2253(c); *see* Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a); *Miller-El v. Cockrell*, 537 U.S. 322, 335–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–85 (2000).

Petitioner is **ADVISED** that because a certificate of appealability is denied by this Court, he may seek a certificate from the United States Court of Appeals for the Fourth Circuit. Fed. Rule App. Proc. 22(b); Rules Gov. § 2254 Cases in U.S. Dist. Cts. 11(a). If Petitioner intends to seek a certificate of appealability from the Fourth Circuit, he must do so **within thirty (30) days** from the date of this Final Order. Petitioner may seek such a certificate by filing a written notice of appeal with the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510.

The Clerk shall forward a copy of this Final Order to Petitioner and to counsel of record for the Respondent.

It is so **ORDERED**.

/s/
Roderick C. Young
United States District Judge

Richmond, Virginia
September 22, 2022